**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 98-4012

JULIO CESAR HERNANDEZ TORRES,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Winston-Salem.
James A. Beaty, Jr., District Judge.
(CR-97-143)

Submitted: June 9, 1998

Decided: June 23, 1998

Before WILLIAMS and MOTZ, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Louis C. Allen, III, Federal Public Defender, Eric D. Placke, Assistant
Federal Public Defender, Greensboro, North Carolina, for Appellant.
Walter C. Holton, Jr., United States Attorney, Clifton T. Barrett,
Assistant United States Attorney, Greensboro, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Julio Cesar Hernandez Torres was convicted pursuant to his guilty plea of one count of conspiracy to distribute marijuana and cocaine. On appeal he alleges that the district court erred by enhancing his base offense level by two levels for possession of a firearm pursuant to U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (1997). He also alleges that the court erred by failing to apply the "safety valve" provision found in U.S.S.G. § 5C1.2 and 18 U.S.C.A. § 3553(f) (West Supp. 1998). Finding no error, we affirm.

Acting upon information from a confidential informant, law enforcement officers executed a search warrant on Torres' residence. During the search, officers seized 16.5 pounds of marijuana, 535.75 grams of cocaine hydrochloride, drug paraphernalia, and a 9mm handgun, which was found under a piece of furniture in the living room. Officers also seized a picture of Torres posing with the firearm. Torres immediately confessed that the drugs belonged to him, but he denied ownership of the firearm.

Torres alleges that the evidence was insufficient to support the district court's enhancement for possession of a firearm because he denied ownership of the weapon and because the Government did not present any evidence at sentencing to the contrary. We disagree. The Government need only prove that the enhancement is applicable by a preponderance of the evidence, and the district court's factual determinations must be upheld unless they are clearly erroneous. See United States v. Urrego-Linares, 879 F.2d 1234, 1237-38 (4th Cir. 1989). In addition, "[t]he adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1, commentary at n.3.

In the present case, we find that the record supports the district

2

court's determination that Torres' drug sentence should be enhanced. While the Government did not present any new evidence at sentencing, the court properly relied on evidence presented in the presentence report and during Torres' Rule 11 hearing.* As a result, the evidence before the court established that Torres, who admitted to being part of a drug conspiracy for approximately eight months, posed with the firearm only two to three months before his arrest. He also admitted that he knew the firearm was present in the residence on the day of the search. Finally, the weapon was found in close proximity to large quantities of drugs and in a place where Torres was observed selling drugs. Accordingly, we find that the district court properly found that it was not clearly improbable that the firearm was available for Torres' use in connection with his drug dealing if needed. Since the evidence supports the district court's finding that Torres possessed a firearm in connection with a drug trafficking offense, he was not eligible for sentencing under the "safety valve" provision. See 18 U.S.C.A. § 3553(f)(2); U.S.S.G. § 5C1.2.

We therefore affirm Torres' conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____
*Fed. R. Crim. P. 11.

3